WESTINGHOUSE ELECTRIC & MFG. CO. v. MONTGOMERY ELECTRIC LIGHT & POWER CO. . (Circuit Court of Appeals, Second Circuit. June 7, 1907.) No. 268. Appeal from the Circuit Court of the United States for the Northern District of New York. Before WALLACE and TOWNSEND, Circuit Judges, and HOLT, District Judge.

HOLT, District Judge. The resignation of Judge WALLACE and the death of Judge TOWNSEND having left me the only member of the court which heard this appeal, I think that I have no power to render any decision or make any order upon the application for a rehearing. I therefore decline to act upon such application for want of power.

---

F. B. VANDEGRIFT & CO. v. UNITED STATES. (Circuit Court, E. D. Pennsylvania. June 4, 1907.) No. 50. Application for Review of a Decision of the Board of United States General Appraisers. Foulkrod & McCullogh and J. W. Hampton, Jr., for importer. W. C. Douglas, Jr., and J. Whitaker Thompson, for United States.

HOLLAND, District Judge. This is a petition to the Circuit Court praying for a review of a decision of the Board of General Appraisers, affirming the collector of the port of Philadelphia, assessing on a certain hair imported by the petitioners a duty at the rate of 12 cents a pound, under paragraphs 350, 357, Schedule K, Tariff Act July 24, 1897, c. 11, § 1, 30 Stat. 182 [U. S. Comp. St. 1901, p. 1664], imposing such a duty on "hair of the camel, Angora goat, alpaca, and other like animals." The petitioners claim the importations should be admitted free, under paragraph 571 of the free list, as "hair of horse, cattle and other animals," not specially provided for in the act. The board of General Appraisers, in the opinion filed in the case, finds from the evidence then before it that the importations are a "grade of Angora goat hair," and sustains the assessment as made by the collector. The testimony subsequently taken does not strengthen the claim of the importers. The finding of facts by the Board of General Appraisers is amply supported by the evidence which it had before it, and that afterward taken did not at all weaken the claim of the government as to the proper classification. The decision of the Board of General Appraisers as to protests 104,411 and 120,953 is affirmed.

---

SIEGERT v. EISEMAN. SAME v. SEVENTEEN OTHERS. (Circuit Court, S. D. New York. May 16, 1907.) Motion for interlocutory decree, granting injunction and reference to a master to take proof of damages and profits, made under stipulation. Arthur Furber, for the motion. John Brooks Leavitt, opposed.

LACOMBE, Circuit Judge. The "event of the Gandolfi action" was a finding that plaintiff was entitled to the full measure of relief accorded in such cases. The stipulation secures a like relief as against the other infringers, which is not lost by the circumstance that in Gandolfi suit complainant, after the event of that action, chose to waive prosecution of claim for profits and damages against Gandolfi. Motions granted.